UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON LAMAR CAPRICE DAVIS, *Pro Se*, | ) ) ) | Case No.: 1: 20 CV 2610 |
| Plaintiff | ) ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| RICHLAND COUNTY SHERIFF'S OFFICE, *et al.*, | ) ) ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro Se* Plaintiff Brandon Lamar Caprice Davis, a prisoner in the Mansfield Correctional Institution, has filed an *in forma pauperis* civil rights complaint in this matter pursuant to 42 U.S.C. § 1983 against the Richland County Sheriff's Office, Connie Wells, Randall Fry, Gary Bishop, and Richland County Court of Common Pleas Judge Phillip Naumoff. (Doc. No. 1.)

His complaint does not set forth factual allegations as to each Defendant, nor does it assert any specific legal claim. The *only* allegation the Plaintiff makes in the statement of claim portion of his complaint is that "[on] March 21, 2011 Connie Wells of the Richland County Sheriff's Office made me register as a Tier 2 sex offender without researching my case." (*Id*. at 5-6.) For relief, the Plaintiff seeks "not [to] have to register" as a sex offender and $8 million in damages. (*Id*. at 6.)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro*

*se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure unpled allegations for them or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Federal courts, moreover, are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. Fed. R. Civ. P. 12(h)(3). Therefore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

Upon review, the court finds this action warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. The allegations in the Plaintiff's complaint are so vague, unclear, and unsubstantial that they do not provide a basis to establish this court's subject-matter jurisdiction over any claim against any Defendant.

Further, a civil rights action under § 1983 is not the appropriate mechanism for a person in state custody to challenge the legality of a conviction or sentence. As the Plaintiff has been informed in a prior case, 28 U.S.C. § 2254 is the exclusive vehicle for prisoners in state custody who wish to challenge their state conviction or sentence in federal court, and requires as a prerequisite that the prisoner exhaust all state court remedies prior to filing a claim. *See Brandon Lamar Caprice Davis v. Warden Ed Sheldon*, No. 1: 20 CV 1227, 2020 WL 8474710, at *1 (N.D. Ohio Oct. 23, 2020) (dismissing a prior *habeas corpus* action filed by the Plaintiff).

In addition, a damages cause of action under § 1983 arising out of an allegedly unlawful

conviction or sentence is not cognizable unless and until a plaintiff first shows that the challenged conviction or sentence has already "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Nothing in the Plaintiff's complaint suggests that a state conviction or sentence he may be challenging has been overturned or invalidated in any of the ways articulated in *Heck*.

## Conclusion

Based on the foregoing, the Plaintiff's complaint is dismissed pursuant to the court's authority established in *Apple v. Glenn*. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                      */s/ Solomon Oliver, Jr.*
                                      SOLOMON OLIVER, JR.
                                      UNITED STATES DISTRICT COURT JUDGE

March 30, 2021